UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

GRANT E. GAZVODA

    Plaintiff,

v.                                CIVIL ACTION NO. 1:23-cv-00523

GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY, and
USAA CASUALTY INSURANCE COMPANY, and
THOMAS MALATINO, and
WILLIAM SCANLON, and DAVID BROOKS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Defendants' seven Motions to Seal [ECF 133, 139, 144, 151, 170, 176, 186] and Plaintiff's six Motions to Seal [ECF 137, 142, 173, 177, 179, 180].

**I.**

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Our Court of Appeals has made clear that "[p]ublicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). Indeed, "[i]t is hardly possible to come to a reasonable conclusion on that score without knowing the facts of the case." *Id.*

Regarding the common law, "while a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,' the 'presumption' in such cases favors public access." *Ashcraft v. Conoco,*

*Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publishing Company*, 743 F.2d 231, 235 (4th Cir. 1984)). "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Virginia Dep't. of State Police*, 386 F.3d at 575 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.* (*Stone I*), 855 F.2d 178, 180 (4th Cir. 1988)). "When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Id.*

Importantly, "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Id.* at 576 (quoting *Stone I*, 855 F.2d 178, 182 (4th Cir. 1988)). In determining whether to seal documents, "the court should consider less restrictive 'alternatives to sealing [that] provide an adequate record for review' and should 'state the reasons for its decision [with] specific findings.'" *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (quoting *Knight*, 743 F.2d at 235).

## II.

Plaintiff moves to seal (1) the entirety of his combined response [ECF 137-1] and supporting exhibit [ECF137-2] to two of Defendants' Motions [ECF 123, 133], (2) a supporting exhibit [ECF 142-1] attached to his reply to Defendants' response to his Motion for Partial Summary Judgment, (3) the entirety of his response [173-1] to one of Defendants' Motions to Seal [ECF 170], (4) the entirety of his Motion to Seal [ECF 177-1] two inadvertently unsealed exhibits [ECF 119-3 and 172-2] attached to his Motion for Partial Summary Judgment and his response to Defendants' Motion for Summary Judgment, (5) the entirety of his reply [ECF 179-1] and supporting exhibits [ECF 179-2 – 179-5] to Defendants' response to his Motion to Seal Certain Exhibits Previously Filed on the Public Record, and (6) the entirety of his Motion in Limine to

Exclude Irrelevant Circumstantial Evidence [ECF 180-1] and supporting exhibits [ECF 180-2 – 180-9] inasmuch as such documents reference Plaintiff's past work as [REDACTED] Specifically, Plaintiff asserts public disclosure of such information has the potential to place him in danger. For instance, he contends [REDACTED] [ECF 137-1].

Defendants likewise move to seal (1) the report of their expert David Bano [ECF 133-1], (2) their response [ECF 139-1] to Plaintiff's Motion for Partial Summary Judgment and ten supporting exhibits attached thereto [ECF 139-2 – 139-11], (3) their omnibus response and accompanying exhibits [ECF 144, 144-1 – 144-3] to Plaintiff's Motion for Leave to File Under Seal and Replies to Defendants' Motions for Leave to File Under Seal, (4) their response to Plaintiff's Motion to File Exhibit to Reply Under Seal [ECF 151], (5) the Claims Activity Log for Plaintiff's Fire Insurance Claim [ECF 170-1] in support of their Motion for Summary Judgment, (6) their reply [ECF 176-1] related to their Motion for Leave to File Document Supporting Their Omnibus -Motion for Summary Judgment Under Seal, and (7) their Omnibus Response [ECF 186-1] to Plaintiff's Motions in Limine inasmuch as these documents reference [REDACTED] [ECF 133 at 2]. Defendants assert Plaintiff "did not agree to remove the confidentiality designation for the materials at issue." [*Id*.]. Defendants further assert they do not believe any of these documents should be sealed and it is Plaintiff's burden to demonstrate the same but given that each document discusses "the materials and information Plaintiff maintains are confidential," they have submitted the issue for resolution. [*Id*.].

Inasmuch as public disclosure of Plaintiff's previous work [REDACTED] carries inherent safety concerns, the Court **GRANTS** the pending Motions to Seal [**ECF Nos. 133, 137, 139, 142, 144, 151, 170, 173, 176, 177, 179, 180, 186**] and **DIRECTS** the Clerk to seal those exhibits [**ECF 119-3, 172-2**] inadvertently made public by Plaintiff. While the documents

accompanying the aforementioned Motions will remain sealed, any further documents referencing the aforementioned matters must be narrowly redacted. No further wholesale seal requests will be tolerated.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: December 16, 2024

Frank W. Volk
Chief United States District Judge